UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DANNY TREY CROSSLAND** | **DOCKET NO. 2:25-cv-0757**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COLTEN CHADWICK, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Danny Trey Crossland ("Crossland"), proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 30, 2025. Rec. Doc. 1. Plaintiff is in the custody of the Louisiana Department of Corrections and is currently incarcerated at the BB Rayburn Correctional Center ("BBRC") in Angie, Louisiana. He brings the instant civil rights suit against fellow inmates at BBRC. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**

Plaintiff alleges that each of the named defendants, Colten Chadwick, Joseph Phillips, Dakota Woodard, Allen Wilson, Robert Dunno, Quinten Booker, Joshua Johnson, Christian Demi, Andrew Kelley, Gary Sprinkles and Miguel G, inmates at the RBBC have "put their hands" on him, as he is disabled and seems like "easy prey." Doc. 1, p. 3. He accuses these inmates of sexual assault, harassment, abuse, slander, hate crimes and rape, and details incidents involving each of them. *Id.* Plaintiff concedes that he did not tell guards at BPSO what happened because of fear of being attacked by the inmates and being unable to fight back. *Id.* at p. 9. He seeks justice and financial compensation. *Id.*

## II.   LAW & ANALYSIS

### A. *Frivolity Review*

Crossland has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.)  In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

Plaintiff makes allegations of assault by inmates. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*. Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983. *See, e.g., Sinegal v. USA,* 2025 U.S. Dist. LEXIS 35861 (W.D. La. Feb. 5, 2025); *Batiste v. Gusman,* 2013 U.S. Dist. LEXIS 165079, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983."); *Bland v. Terrebonne Parish Criminal Justice Complex*, 2009 U.S. Dist. LEXIS 99007, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009) (same); *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978) (same). Because an inmate is not a state actor, the § 1983 claims by Plaintiff against his fellow inmates should be dismissed.

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** in its entirety as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 29th day of August, 2025.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE